WILLIAM A. FRANKLIN *vs.* THOMAS GREENE & another.

A verdict of a jury in a suit in equity, upon an issue framed by the court to be submitted to them, if not set aside for good cause shown, will be regarded as settling the facts in issue conclusively.

In a suit in equity for relief from a contract into which the plaintiff has been induced to enter by fraud, the court, in ascertaining the value of the consideration fraudulently obtained from him, will adopt the price fixed by the parties themselves as the value of shares in a mining company transferred by him as a part thereof, if the price fixed does not appear to have been unconscionable, and he has practised no fraud, and both parties had equal opportunities to judge of their value.

One who has fraudulently induced another to purchase of him a note secured by a mortgage containing a power of sale cannot, in a suit against him to obtain relief from the contract on account of the fraud, object that the plaintiff, who has openly and fairly sold the mortgaged property under and in compliance with the provisions of the power of

sale, might have obtained a greater price by waiting until a more favorable time before making the sale.

One who has been induced by fraud to purchase a note secured by a mortgage containing a power of sale, and has sold the property under and in compliance with the provisions of the power of sale for a sum insufficient to pay the note, before ascertaining sufficient facts to justify him in rescinding the contract, is not required to exhaust his remedies against the maker of the note, before bringing a bill in equity for relief on account of the fraud.

Under a prayer for general relief, in a suit in equity, any relief in addition to that specifically prayed for may be granted which the nature of the case requires.

BILL IN EQUITY, praying for an injunction, to restrain the defendants from selling land under a power of sale contained in a mortgage from the plaintiff to them, and that the defendants may be ordered to discharge the mortgage, and deliver up the note secured thereby to be cancelled, and for other relief.

The bill set forth that in August 1857 the defendants, being the mortgagees in a certain mortgage, with power of sale, executed to them by the Providence Artillery Company, of a lot of land, with a building thereon, occupied by that company as an armory, in the city of Providence, Rhode Island, together with all the furniture and fixtures in the building, and all the company's tents, camp equipage, muskets and other property belonging to the company, which mortgage was dated May 1, 1855, and given to secure the payment of a promissory note of the same date, for $2572, payable in two years with interest, represented to the plaintiff that the mortgage covered seventy-five muskets, of the value of $975; seventy-five sets of equipments, of the value of $150; two field pieces, of the value of $600; and tents, of the value of $100; all of which, being together of the value of $1825, were then in use by said company; and that he, relying upon their representations, and being induced by them, purchased the note and mortgage, and paid to them therefor the sum of $1200 in money; transferred to them one hundred and twenty five shares of the stock of the New England Mining and Quarrying Company, a corporation established in the State of Vermont, which stock was worth, and was estimated by the plaintiff and the defendants to be worth $875; and gave to them his promissory note, payable in six months, for $821, secured by a mortgage on his home farm, with a power

of sale in the usual form: making the whole consideration so paid by him the sum of $2896.

The bill further set forth that in fact the muskets, equipments, field pieces and tents did not belong to the artillery company, but to the State of Rhode Island, which the defendants well knew; that, under and in pursuance of the provisions of the power of sale contained in the mortgage purchased by him of them as aforesaid, and after due notice, he sold the armory building, with all the property therein contained which belonged to said company, at auction, for $1600, which was the entire amount received by him for the money, stock and promissory note delivered by him to the defendants; and that the defendants, by virtue of the mortgage given by him to them to secure said promissory note, have advertised his farm for sale at public auction.

By an amendment subsequently added to the bill, the plaintiff offered to return to the defendants the note of the Providence Artillery Company, which they had sold to him as aforesaid.

Upon the filing of the bill, a temporary injunction was issued, restraining the sale.

The several answers of the defendants denied all charges of fraud; averred that the plaintiff satisfied himself as to the title to the property covered by the mortgage purchased by him; admitted that they received the shares in the Mining and Quarrying Company at the valuation alleged, but averred that they were in reality worth much less, and that the plaintiff deceived them in reference to the same; alleged that the plaintiff, by his course in selling the armory building, had failed to realize as much therefrom as he might have done; and set forth other matters, which are immaterial to be stated here.

The plaintiff filed a general replication.

Upon the bill, answers and replication, an issue was framed for the jury to determine, whether the note of $821 was obtained from the plaintiff by the fraud and misrepresentation of the defendants, as averred in the bill. This issue was tried, before *Merrick*, J., at November term 1860, and the jury returned a verdict for the plaintiff, and found that the note was obtained

44 *

from the plaintiff by the fraud and misrepresentation of the defendants.

At April term 1861 the case came up for a hearing before *Dewey*, J., when the plaintiff asked that a decree might be entered making the injunction perpetual, discharging the note and mortgage, and giving compensation for the further damages sustained by him. To this the defendants objected on various grounds, which sufficiently appear in the opinion; and the case, upon the original and supplemental bills, answers, replication, verdict and evidence, was reported for the determination of the whole court.

*C. W. Thrasher*, for the plaintiff.

*G. Griggs*, for the defendants.

CHAPMAN, J., Upon an issue framed by order of court, a jury has found that the note of $821 was obtained by the defendants by fraud and misrepresentation. The defendants contend that the plaintiff is entitled to no relief, because the whole evidence, notwithstanding the verdict, shows that no fraud was practised by which he has suffered injury or damage.

But in this commonwealth the right of trial by jury is secured by the constitution. In suits in equity the issues do not grow out of the pleadings, as in suits at law, but are framed by the court; yet in framing the issues the court will have regard to the constitutional provision, and will allow the parties to submit to a jury all such material facts as are proper to be decided by them; and when a verdict is rendered, and not set aside for good cause shown, it will be regarded as settling the facts in issue conclusively.

The defendants contend further that the plaintiff is not entitled to relief, because they allege that he did not offer to rescind the contract after the facts constituting the fraud and misrepresentation had become known to him; but proceeded to take to his own use the property conveyed to him by the defendants. But the court are of opinion that this position is not sustained by the evidence. After the alleged communication was made to the plaintiff, Greene assured him that the mortgage was good, and everything was as he sold it to the plaintiff, and was

perfectly secure. The plaintiff had a right as against the de
fendants to rely upon this statement. And it does not appear
that he was then possessed of any proof that would have justi-
fied him in rescinding the contract. Nor does it appear that,
after knowledge of the facts, he affirmed the contract and agreed
to pay the note.

The defendants contend that if the plaintiff is entitled to re
lief, it does not extend to the whole note, but only to a deduc-
tion of the difference, if any, between the value of what was
paid and what was received. This point relates to 125 shares
of stock in the New England Mining and Quarrying Company,
which the plaintiff sold to defendants, as a part of the contract,
and the price of which was estimated at $875. The evidence
tends to show that it had no fixed market value, and that it was
worth much less than that sum. But the plaintiff practised no
fraud. Both parties had equal opportunities to judge of its
value, and it does not appear to have been an unconscionable
bargain in this respect. Courts never interfere with prices fixed
by parties under such circumstances.

The defendants contend that if the sale of the armory build-
ing by the plaintiff had been properly and judiciously managed,
it would have brought a greater price; and that the loss occa-
sioned by the want of such management should fall upon the
plaintiff. But it appears that, as assignee of the mortgage sold
to him by the defendants, the plaintiff sold the property under a
power of sale contained in the mortgage; and that he did no
more than to exercise the power thus given, openly, fairly, and
in compliance with its terms. He was under no obligation to
wait till the market should improve, and the court ought not to
impose an obligation upon him that the parties did not see fit
to impose by their contract.

The defendants contend that he is not entitled to relief with-
out first exhausting his remedies on the note against the makers.
But if he had taken such a course he would have exposed him-
self to the first objection taken by defendants, viz: that he
had affirmed the contract after obtaining knowledge of the
fraud. The right to rescind the contract, and tender a return

of the note, is too well settled to require the citation of authorities.

The defendants contend that the plaintiff is not entitled to relief, because they say he has lessened the value of the note of the Providence Artillery Company as against the makers. But the evidence does not sustain this position. All he has done is to sell the property which was mortgaged to secure the note, so far as he had title thereto. The agreement of the purchaser with the makers was not his act, and he is not responsible for it.

He is therefore entitled to the relief he prays for, to wit:

1. That the note which was obtained from him by fraud be delivered up to him; and the mortgage given to secure the same be discharged; and that the injunction against the sale be made perpetual.

2. To recover of the defendants the balance due to him on the rescission of the contract.

It is objected that the relief cannot be extended thus far, because the specific prayer for relief only asks that the note of $821 and the mortgage be cancelled. But there is also a general prayer for relief; and under that prayer all relief may be decreed that the nature of the case requires.